IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNIE RAY BLANKENSHIP, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-256-D-BK |
| | § | |
| LAND & DEED OFFICE, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On February 6, 2023, Johnie Ray Blankenship of Phoenix, Arizona, filed a *pro se* complaint against the Land & Deed Office, 500 S. Fillmore, Suite 201, Amarillo, Texas — the address for the Potter County Clerk. Doc. 3 at 1. The complaint is difficult to decipher. Blankeship seeks $15,656.30 in property taxes. Doc. 3 at 1. He alleges that the Biltmore Hotel in Amarillo has been closed for a long time and not paid its property taxes. He thus asserts that according to three law codes—"law Cod: 101; law Cod: 102; law Cod: 103"—fraud was committed by HUD Housing. Doc. 3 at 1. Blankenship also contends that "Tax Bill 38" gives him the "rite [sic] to the property under state law . . . [and] Tax Bill 388 good in . . . court." Doc. 3 at 1.

With the complaint, Blankenship encloses *Form SSA-561-U2*—used to seek administrative reconsideration of any action by the Social Security Administration—and states that he has the right to file at HUD Housing and asks that the deed be placed in his name. Doc. 3 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed.[1]

## II.   ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Blankenship's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be

---

[1] Blankenship did not pay the filing fee or move for leave to proceed *in forma pauperis*. Because jurisdiction is lacking, the Court need not require compliance with its filing requirements.

liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Blankenship has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Blankenship's complaint does not support federal question jurisdiction. He does not allege any constitutional or federal statutory violations. At best, he alleges only state law claims.

Additionally, Blankenship's scant complaint, including his assertion that the Defendant is in Texas, defeats subject-matter jurisdiction on the basis of diversity. Doc. 3 at 1; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Further, because the complaint does not present an adequate basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims Blankenship may be attempting to assert. 28 U.S.C. § 1367(a).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Blankenship's complaint

demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on February 17, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).